UNITED STATES of America, Appellee

v.

Lonnell Delonta STATON, Appellant.

No. 07–3144.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 23, 2010.

Before: ROGERS, TATEL and BROWN, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court and briefed by the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(d). For the reasons presented in the accompanying memorandum, it is

**ORDERED AND ADJUDGED** that the judgment of conviction by the district court be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### *MEMORANDUM*

Appellant pled guilty to distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (2006).[1] He appeals his con-

---

1. There is an apparent clerical error in the Judgment, which records the offense of con-

viction as unlawful distribution of 5 grams or more of cocaine base, rather than 50 grams

viction on the ground that the district court, in imposing a sentence of 150 months' imprisonment, failed to consider adequately the sentencing factors in 18 U.S.C. § 3553(a). Because the record shows that the district court considered the § 3553(a) factors and understood its sentencing discretion under *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), we affirm.

■ At the sentencing hearing, the district court explained that it understood *Kimbrough* and *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), to mean that "my discretion is unfettered except by words like 'reasoned' and 'reasonableness.' But I am still required to consider the guidelines range, and what I want to know is, what is the guideline range." Tr. Dec. 13, 2007 at 5. The parties agreed that under the U.S. Sentencing Guidelines appellant's offense level was 34, his criminal history category was VI, the applicable guidelines range was 262 to 327 months, and that his statutory minimum term of imprisonment, upon the government's withdrawal of its proposed prior-conviction enhancement, was 10 years instead of 20 years. The district court, after listening to the parties' arguments about the crack/powder cocaine disparity, the § 3553(a) factors, and *Kimbrough,* decided, upon "applying [its] discretion under *Gall* and *Booker,* that a sentence of 262 months is greater than necessary to satisfy the statutory purposes under [§] 3553." Tr. Dec. 13, 2007 at 10. The district court instead settled on a discretionary range of 120 to 162 months by applying the 120–month statutory minimum, eliminating the career criminal enhancement, and considering

"some combination of a *Kimbrough* adjustment for the crack-to-powder ratio and the earnest attempt, but unsuccessful attempt, of the defendant to provide substantial assistance [to the government]." *Id.* After further argument by appellant's counsel and appellant's allocution, the district court recited the § 3553(a) factors and discussed several of them, concluding that the seriousness of the offense and the need for specific deterrence required a sentence above the 120–month statutory minimum term of imprisonment. The district court sentenced appellant to 150 months' incarceration and five years' supervised release, within its discretionary range but well below the 262 to 327 month guidelines range.

■ Appellant contends that the district court improperly treated the Sentencing Guidelines as mandatory, failed adequately to consider and discuss the § 3553(a) factors, and did not adequately consider imposing a sentence partially concurrent with a prison sentence appellant was serving, even though appellant did not raise this issue at the time. Assuming as appellant contends that the *de novo* standard of review applies, we find no error. The record reflects that the district court understood that the Sentencing Guidelines are not mandatory, as it concluded that a guidelines sentence "is greater than necessary to satisfy the statutory purposes under [§] 3553" and imposed a below-guidelines sentence instead. Tr. Dec. 13, 2007 at 10. The district court also satisfied the requirements of § 3553(a) because its discussion of appellant's sentence "sounds in the terms of § 3553(a), and the court's references manifest an understanding of its statutory responsibility." *United*

or more, which was the offense to which appellant pled guilty. Separately, we note that due to a subsequent amendment, the amount of cocaine base that would now constitute a comparably punishable violation of § 841(a)(1) is 280 grams. *See* 21 U.S.C.A. § 841(b)(1)(A)(iii) (West 2010).

*States v. Simpson,* 430 F.3d 1177, 1186 (D.C.Cir.2005). The district court was not required to explain why it did not choose a partially concurrent sentence from the "kinds of sentences available," 18 U.S.C. § 3553(a)(3), because "[w]hen a defendant has not asserted the import of a particular § 3553(a) factor, nothing in the statute requires the court to explain *sua sponte* why it did not find that factor relevant to its discretionary decision," *Simpson,* 430 F.3d at 1187.